WILL OF HAGEMEISTER: HAGEMEISTER and another, Appellants, vs. HAGEMEISTER and another, by guardian *ad litem,* Respondents.

*March 7—April 3, 1918.*

*Wills: Provision for widow: Interest in annuity: Election not to take under the will.*

After certain specific bequests and after devising to the widow the homestead for life and giving to her the household furniture, a will gave the residue of the testator's estate in trust, providing that during her widowhood and until both of the two sons should arrive at the age of twenty-five years the trustees should pay to the widow $5,000 annually "for the support, care, nurture, and education of my said sons under twenty-five years of age;" that one fourth of the remainder of the estate as it should then exist should be delivered to each of the sons when he became twenty-five years old; that when the younger son reached that age, and until she should die or remarry, the trustees should pay to the widow $3,000 annually; that if the widow should re-

marry "the annuities hereinbefore provided for her shall then cease and no longer be paid to her," and the trustees should provide suitable support, maintenance, and education for the sons until they became twenty-five years old, and pay to the widow, upon her remarriage, $10,000. The widow elected not to take under the will. *Held*, that it was the testator's intention to give to the widow, as a part of the provision made for her, a beneficial interest to the extent of $3,000 each year in the $5,000 which was to be paid to her annually until both sons reached the age of twenty-five years; that such interest ceased when she renounced the provision made for her in the will; and that the amount to be paid to her annually thereafter for the care and education of the sons is $2,000.

APPEALS from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

The appeals are from a judgment of the circuit court reversing the judgment of the county court of Brown county construing certain provisions of the last will and testament of Henry F. Hagemeister, deceased.

Henry F. Hagemeister died at the city of Green Bay on June 27, 1915. He made the following gifts by his will:

By paragraph 1 he gives to a cousin, George Martin of Sturgeon Bay, $5,000.

By paragraph 2 he gives to a nephew, Gustav A. Walter of Green Bay, $5,000.

In paragraphs 3 and 4 he names *Carlton Merrill* and Gustav A. Walter executors and trustees of the estate, with provision that each be paid $1,000 a year as long as each acts in that capacity.

By paragraph 5 he leaves the homestead to the widow, *Josephine Hagemeister,* for life, and after her death to her daughter, Helen Hagemeister.

By paragraph 6 he gives to the widow's daughter, Helen Hagemeister, the sum of $10,000.

By paragraph 7 he gives to a son, Henry Hagemeister, his Masonic ring and diamond stud, and in paragraph 8 a watch to a son, Karl Hagemeister.

In paragraph 9 he gives all the household furnishings, wearing apparel, and ornaments to the widow, *Josephine Hagemeister*.

By paragraph 10 he disposes of the residue of the estate in trust for the following uses and purposes:

Subdivision 1 provides that during her widowhood and until the two minor sons arrive at the age of twenty-five years, the trustees shall pay to the widow, *Josephine Hagemeister,* the sum of $5,000 annually for support, care, and education of the sons under twenty-five years of age.

Subdivision 2 of paragraph 10 provides that when Henry F. Hagemeister, Jr., arrives at the age of twenty-five years the trustees shall deliver to him one fourth of the remainder of the estate as it then exists.

Subdivision 3, paragraph 10, provides that when Karl Hagemeister arrives at the age of twenty-five years he shall receive one fourth of the estate as it then exists.

Subdivision 4, paragraph 10, provides that when the son Karl Hagemeister arrives at the age of twenty-five years the trustees shall pay annually to the widow the sum of $3,000.

Subdivision 5, paragraph 10, provides that upon the death or remarriage of the wife, *Josephine Hagemeister,* the remainder of the estate shall be divided equally between the two sons, share and share alike, the same to be paid and delivered to them respectively upon the happening of either of said events, if he is over thirty-five years of age; if not of that age, then that the share of each, and increase, shall be paid to him when he arrives at the age of thirty-five years.

Subdivision 6, paragraph 10, follows:

"In case my wife, *Josephine,* remarries, the annuities hereinbefore provided for her shall then cease and be no longer paid to her, and my said trustees shall provide suitable support, maintenance, and education for my said sons until they respectively arrive at the age of twenty-five years, and there shall be paid to my said wife upon her remarriage the sum of $10,000."

Subdivision 7, paragraph 10, provides that should the wife elect to take under the law and not under the will, all gifts and bequests made to Helen Hagemeister, her daughter, shall thereupon be revoked and the same shall revert to the estate.

The remaining subdivisions of paragraph 10 have no bearing on this controversy.

Paragraph 11 appoints Gustav A. Walter and *Carlton Merrill* executors, with the provision that each give a surety bond of $25,000, the expense thereof to be paid out of the estate.

This will was admitted to probate. The widow, *Josephine Hagemeister,* elected to take her share of the estate as provided by statute, renouncing the provisions made for her in the will. The trustees then petitioned the county court to construe the will with especial reference as to whether or not the will makes any provision for payment to *Josephine Hagemeister* of sums for the support of the children in case she decided not to take under the will.

The county court found that it was the intention of the testator that in case *Josephine Hagemeister* decided not to take under the will the $5,000 was to be paid to her each year for the support and education of the two minor sons until such time as they should, respectively, arrive at the age of twenty-five years.

*W. L. Evans,* guardian *ad litem* of the minor sons, appealed from such judgment to the circuit court. A separate appeal was taken by *Carlton Merrill,* one of the executors.

The circuit court found that it was the intention of the testator, in case *Josephine Hagemeister* as widow elected to take her share of the estate provided for her by law in place of the provisions of the will, that she be paid the sum of $2,000 annually for the care and education of the two minor sons until they reach, respectively, the age of twenty-five years, and awarded judgment accordingly.

From such judgment *Josephine Hagemeister* and *Carlton Merrill,* an executor, separately appeal. The widow claims that, notwithstanding her election not to take under the will, she is entitled to receive the whole of the $5,000 annually for the support and education of the sons until they attain the age of twenty-five; while the executor contends that, because of such election, the widow should receive no part of said annuity.

For the appellant *Josephine Hagemeister* there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *E. J. Dempsey.*

For the respondent *Carlton Merrill,* executor, there was a brief by *Silverwood & Fontaine* of Green Bay, and oral argument by *T. P. Silverwood.*

*W. L. Evans* of Green Bay, guardian *ad litem,* for the respondents.

SIEBECKER, J. The questions raised on these appeals present the inquiry: What provisions, if any, did the testator intend to make for the support of his widow and the two minor sons from the date of his death to the time his younger son arrived at the age of twenty-five years? By the fifth paragraph of his will he devises to his widow the homestead during her life, and by the ninth paragraph he bequeaths to her all the household furniture, furnishings, wearing apparel, and ornaments, except the few articles specifically given to his sons. After making the specific bequest referred to in the foregoing statement, testator, by the tenth paragraph of his will, gives, devises, and bequeaths all the residue and remainder of his estate to two trustees in trust for the uses and purposes as therein specifically designated and provided. Subdivision 1 of the tenth paragraph reads:

"During her widowhood (*i. e.* in case she is not remarried) and until both of my said sons, Henry F. Hagemeister, Jr., and Karl Hagemeister, shall arrive at the age of twenty-

five years, my said trustees shall pay to my wife, *Josephine Hagemeister*, annually in equal monthly instalments, the sum of five thousand dollars ($5,000) for the support, care, nurture, and education of my said sons under twenty-five years of age."

And subdivision 4 of the tenth paragraph reads:

"After my said son, Karl Hagemeister, arrives at the age of twenty-five years, and until she dies or remarries, my said trustees shall pay to my wife, *Josephine Hagemeister*, annually in equal monthly instalments, the sum of $3,000."

By subdivision 6 of the tenth paragraph it is provided that if the widow remarries, "the annuities hereinbefore provided for her shall then cease" and the trustees are to provide suitable support, maintenance, and education for the sons up to their twenty-fifth year, "and there shall be paid to my said wife upon her remarriage the sum of ten thousand dollars ($10,000)." The will provides for the distribution of the trust estate at the termination of the trusts.

The claims of the respective parties interested in this proceeding are in conflict as to the meaning of subdivision 1 of the tenth paragraph. The widow asserts that the testator intended that she should receive $5,000 annually for the sole benefit of the two minor sons to provide for their support, care, nurture, and education. The executor contends that the testator intended thereby to give to the widow individually the specific sum annually and charged her with the support and education of the sons up to their twenty-fifth years respectively, and that this bequest ceased when she renounced the provisions of the will and she is not entitled to have paid to her any part thereof. The guardian *ad litem* insists that this bequest of $5,000 is a gift to the widow in common with the minor sons for their support and maintenance and education, and since the widow has elected to renounce the provisions made for her by will she can be paid only the amount that the two sons are annually entitled to receive during the limited period. The language of this provision is ambigu-

ous and we must look to the contents of the will and the facts and circumstances surrounding testator when he made it to ascertain his intent.

It appears reasonably certain that testator had in mind that his widow and his two minor sons would reside in the homestead of the family and that the sons should receive the care, nurture, and watchful attention of their mother. The evidence discloses that the family, during the testator's life, lived in a provident way and probably did not expend annually a sum exceeding $5,000 for their support and maintenance, including that of the testator. There is no other provision made in the will for the widow's support during the period testator charged her to care for, support, and educate the sons. After the younger son attains the age of twenty-five years the widow is given $3,000 annually for her individual support. In a clause following these provisions of the will dealing with the support and maintenance of the testator's family he declares: "In case my wife, *Josephine,* remarries, the *annuities hereinbefore* provided for *her* shall then cease and be no longer paid to her," and he provides that then the "trustees shall provide suitable support, maintenance, and education for my said sons." It is manifest from these provisions that testator omitted to provide for the widow's support out of the estate until the younger son arrives at the age of twenty-five years unless he intended to provide for her out of the $5,000 bequest above specified. Such a result seems contrary to the manifest purposes and objects the testator had in mind in providing for the care and maintenance of his family. In this connection it is very significant that he gave his widow individually $3,000 annually for her support when the $5,000 payment to her should cease. In another paragraph he declares that in case she remarries, "the *annuities hereinbefore* provided for *her*" shall cease and be no longer paid to her. The words "annuities *hereinbefore* provided for her" can have no applica-

tion other than to the $5,000 and the $3,000 which he gives
her upon conditions stated.   The provisions of the will, in
connection with the facts and circumstances under which
testator acted in disposing of his estate and bestowing his
bounty, indicate that he expected his widow and children to
continue to live together in the family homestead after his
death until the younger son arrived at the age of twenty-five
years as they had lived theretofore.   The fact that he pro-
vided that the $5,000 bequest should be paid to his widow
for four years after the older son ceased to have a claim
thereto for his support and maintenance, in connection with
the provision that she was not to receive the $3,000 provision
for her support until this four-year period expired, is com-
pelling and persuasive corroboration as tending to show that
the testator intended that the $5,000 annual payment to the
widow for the period fixed by him should be for the support
of herself and the two sons, and that he had no intention of
providing $5,000 annually for the individual support of the
widow or of the two sons.   We are led to the conclusion that
testator intended to give the widow a beneficial interest in
the $5,000 annual payment that he directed his trustees to
pay her out of his estate until the younger son arrives at the
age of twenty-five years.

By subdivision 7 of paragraph 10 of the will testator pro-
vides that if his widow rejects the provision made for her in
his will by electing to take under the law, the devises and be-
quests to her daughter Helen under the will are revoked and
become part of the residue of the estate.   This is in itself
not persuasive as showing that testator intended, if she so
elected to renounce the provisions made for her in his will,
that she should thereafter receive the $5,000 annually for the
support of herself and sons for the period specified and the
$3,000 annually thereafter until she died or remarried.
We discover nothing in this or any other provision of the
will indicating such an intent, and the plain implication is

that he considered the life estate given her in their home and the annuities to be paid to her during her widowhood to be a just and equitable provision to cover her widow's interest in his estate under his disposition of the estate.    In the light of this thought in his mind there is no ground for saying that he intended she should receive these bounties should she elect to claim the share of his estate provided by law as his widow. It is considered that it does not "plainly appear by will" that he intended to give her these bequests if she elected to take a widow's share of testator's estate.

We are of the opinion that the circuit court correctly held that testator's widow was given a beneficial interest in the $5,000 provision made in subdivision 1 of paragraph 10 of the will; that since she elected to claim her widow's share of his estate provided by law she is not entitled to the provision made for her in the will; that the beneficial interests of the widow and the two sons in the $5,000 annuity under the will is a common interest, and that her interest ceased when she renounced the provision made for her in the will.

The question remains, What was the amount of her interest in this annuity?    It is manifest from the will that the testator intended this bequest as a proper and suitable support of his widow and the two sons respectively up to their twenty-fifth year and that she was to have the right of supervisionship as to its expenditure for the purposes indicated.    The provision directing that she should receive $3,000 annually thereafter is a clear indication that he considered this a proper sum for her support as his widow. In view of this there can be little room for speculation but that he intended she should have the sum of $3,000 out of the $5,000 bequest for the support of herself and sons.

We are persuaded that the decision of the circuit court holding that the sons' interest in this bequest is $2,000 annually and that the widow by renouncing the will lost her right to the remaining $3,000, is correct and must stand.

*By the Court.*—The judgment is affirmed. The guardian *ad litem* is allowed the sum of $390.60 for his services, disbursements, and expenses in this court.